Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA JUE-BARRETT and DOUGLAS BARRETT,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT,<br><br>Defendant. | Case No.  5:21-cv-00311<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq*.<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (THE "RFDCPA"), CAL. CIV. CODE § 1788 et. seq.**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

**NOW COME** Plaintiffs, MARSHA JUE-BARRETT and DOUGLAS BARRETT, through undersigned counsel, complaining of Defendant, MIDLAND CREDIT MANAGEMENT, as follows:

### NATURE OF THE ACTION

1.     This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et. seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

**PARTIES**

4. MARSHA JUE-BARRETT ("Marsha") is a natural person, over 18-years-of-age, who at all times relevant resided at 2305 Azalia Lane, #6052, Crestline, California 92325.

5. DOUGLAS BARRETT ("Douglas") is a natural person, over 18-years-of-age, who at all times relevant resided at 2305 Azalia Lane, #6052, Crestline, California 92325.

6. Marsha and Douglas (collectively "Plaintiffs") are "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiffs are "consumer[s]" as defined by Cal. Civ. Code § 1788.2(h).

8. MIDLAND CREDIT MANAGEMENT ("Defendant") maintains a principal place of business at 350 Camino de la Reina, #100, San Diego, California 92108.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

**FACTUAL ALLEGATIONS**

11. At some point, Douglas applied for and was approved for a line of credit with Credit One Bank ("Credit One").

12. Due to unforeseen financial difficulties, Douglas was unable to stay current on his obligation to Credit One.

13. At the time that Douglas fell into default with Credit One, he owed approximately $750 ("subject debt").

14. Douglas' $750 balance is a "debt" as defined by 15 U.S.C. §1692a(5).

15. On or around September 2020, both Plaintiffs started receiving calls from Defendant in an attempt to collect on the subject debt.

16. During one of these phone calls, Douglas agreed to settle the subject debt with Defendant for $300.

17. During the course of the settlement negotiations, Douglas has received numerous statements and collection letters from Defendant.

18. Defendant mailed or caused at least one of these letters to be mailed to Douglas inside of an envelope containing the words "TIME SENSITIVE."

19. When Plaintiffs both observed the "TIME SENSITIVE" envelope, they became nervous, anxious, and worried.

20. As a result of the impact that the words "TIME SENSITIVE" had on Plaintiffs, they immediately opened the TIME SENSITIVE envelope.

21. They immediately opened the TIME SENSITIVE envelope because they were nervous, anxious, and worried to learn of the allegedly TIME SENSITIVE matter.

22. Defendant routinely sends collection letters inside of TIME SENSITIVE envelopes in an attempt to cause the least sophisticated consumer to open the envelope, read the enclosed letter and call Defendant about the debt referred to in said letters.

23. Defendant has determined that it collects more money from consumers when it sends letters in TIME SENSITIVE envelopes.

24. On information and belief, Defendant's research demonstrates that the least sophisticated consumer is more likely to open collection letters sent in TIME SENSITIVE envelopes than envelopes that do not contain the words TIME SENSITIVE.

25. Inducing consumers like Plaintiffs to call Defendant to obtain clarification (by and through the wording of TIME SENSITIVE envelopes) was intended to give Defendant an opportunity to pitch payment options on a consumer who may otherwise not call Defendant.

26. Defendant then started placing calls to Marsha.

27. During at least one of these phone calls, after confirming that Marsha was Douglas' wife, Defendant stated that it was collecting on "their" debt owed to Credit One.

28. Marsha advised that the subject debt belonged to her husband and not to her, to which Defendant's representative replied, "you guys" owe $750, how are Plaintiffs going to start doing the payment plan.

29. Defendant's representative also mentioned that the $300 settlement to which Douglas had agreed had never been paid.

30. Concerned with having this debt hanging over her head, and influenced by the anxiety caused by the TIME SENSITIVE letter that Douglas had received, Marsha agreed to a payment plan of $185 a month.

31. Marsha made payments $187.50 toward the subject debt on September 15, 2020, October 4, 2020, October 15, 2020, and November 4, 2020, as well as a payment of $100 on October 2, 2020, totaling $850.

32. When Douglas found out that Marsha had paid $850 toward the subject debt, he was livid that Defendant had violated the initial $300 settlement agreement to which he had agreed.

33. Douglas wrote a letter to Defendant on February 2, 2021, requesting that Defendant stick to the original $300 settlement agreement and refund the difference to Marsha.

34. Unfortunately, Defendant never complied with this request.

35. Moreover, Defendant sent Douglas a letter dated December 7, 2020, stating that the balance owed on the subject debt was still $462.50 despite Marsha's $850 in payments.

36. Concerned with Defendant's abusive debt collection practices, Plaintiffs retained counsel to file this action to compel Defendant to cease its abusive conduct.

## DAMAGES

37. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

38. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

39. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

40. But being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

41. Concerned with having had their rights violated, Plaintiffs were forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate their rights.

## CLAIMS FOR RELIEF

### COUNT I:
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

42. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692e and 1692f**

43. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

44. Section 1692f(8) of the FDCPA specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

45. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Plaintiff.

46. Specifically, Defendant unfairly and unconscionably coerced Marsha into paying more than the $300 to which Douglas and Defendant had originally agreed to settle the subject debt.

47. To add insult to injury, Defendant claims that Plaintiffs still owe on the subject debt and that it has not been paid off despite Marsha's payments totaling $850.

48. The use of the phrase TIME SENSITIVE on the subject envelope sent to Douglas violates §1692f(8) of the FDCPA as a matter of law because §1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

49. Plaintiffs immediately opened the subject envelope because it contained the words TIME SENSITIVE.

50. Defendant's use of the words TIME SENSITIVE violated §1695f(8) because these words intended to create, and *does* create, a false sense of urgency to the least sophisticated consumer.

51. In fact, Defendant's use of the words TIME SENSITIVE on its envelope, coupled with the incessant phone calls and the implication by Defendant that Marsha was somehow responsible for Douglas' debt led Marsha to agree to a payment plan on a debt for which she was not responsible.

52. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

53. Pursuant to §1692e(2) of the FDCPA, a debt collector is prohibited from "the false representation of (A) the character, amount, or legal status of any debt. . ."

54. Defendant violated §1692e by falsely representing, through implication, that Marsha was liable for the debt that was owed by Douglas, which resulted in Marsha agreeing to a payment plan to pay off Douglas' debt.

55. Defendant violated §1692e(2) by falsely representing the character of the subject debt; specifically, Defendant implied that Marsha, as Douglas's wife, was responsible for Douglas' debt, when in fact, she is not responsible for the subject debt.

56. As pled above, Plaintiffs were harmed by Defendant's unfair collection practices.

57. Plaintiffs may enforce the provisions of 15 U.S.C. § 1692e and f pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiffs, MARSHA JUE-BARRETT and DOUGLAS BARRETT, respectfully request that this Honorable Court enter judgment in their favor as follows:

A. a finding that Defendant violated 15 U.S.C. § 1692;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. §1692k(a)(1);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00 pursuant to 15 U.S.C. §1692(a)(2)(A);

D. an award of costs of this action including expenses together with reasonable attorney's fees as determined by this Court pursuant to 15 U.S.C. §1692k(a)(3); and

E. an award of such other relief as this Court deems just and proper.

## COUNT II
## Violations of §1788.17 of the RFDCPA

58. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

59. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

60. As stated above, Defendant violated 15 U.S.C. §§ 1692e and f, therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiffs, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the

RFDCPA;

b. Awarding Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

c. Awarding the Plaintiffs costs and reasonable attorney fees; and

d. Awarding any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED: February 23, 2021               Respectfully submitted,

**MARSHA JUE-BARRETT and DOUGLAS BARRETT**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com